IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02961-REB-MJW

JOHN JONES,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

## ORDER ON
## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
### (Docket No. 21)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Robert E. Blackburn on November 16, 2011.

Now before the court is plaintiff's Motion for Leave to Amend the Complaint (Docket No. 21).  The court has carefully considered the subject motion (Docket No. 21) and defendant's response (Docket No. 24)  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff seeks to amend his Amended Complaint (Docket No. 9) to add additional factual allegations in support of his existing claims.  In addition, plaintiff seeks to add claims for retaliation and for interference with plaintiff's FMLA.

2

Defendant's original Complaint (Docket No. 2) was filed on November 15, 2011. An Amended Complaint (Docket No. 9) was filed on December 6, 2011. The court held a scheduling conference on February 23, 2012. The Scheduling Order (Docket No. 13) set a deadline for amendment of pleadings for March 26, 2012. Discovery cut-off was set for August 23, 2012. The subject motion (Docket No. 21) was filed on November 6, 2012. The court notes that defendant filed a Motion for Summary Judgment (Docket No. 20) approximately three hours prior to the filing of the subject motion. Further, trial is set to commence in this matter on February 25, 2013.

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order. Here, the deadline for amendment of pleadings was March 26, 2012, and plaintiff did not file his motion until November 6, 2012. Thus, the deadline to amend pleadings had expired over seven months prior to the filing of plaintiff's motion.

Because plaintiff's motion was untimely, plaintiff is first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order. See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the

scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a). Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[1]

Plaintiff seeks to amend his complaint over seven months after the deadline for amendment of pleadings expired. Plaintiff contends the additional factual allegations and claims came to light after the completion of several depositions in August 2012, and after plaintiff received a large number of documents in September 2012.

The court finds that plaintiff has failed to show good cause. As detailed in plaintiff's motion, plaintiff filed an additional Charge of Discrimination and Retaliation

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

4

with the EEOC on June 2, 2011. This Charge is the basis, in large part, for the amendments sought by plaintiff. Accordingly, plaintiff was on notice of the possible need for amendment at that time. A Notice of Right to Sue was issued on November 2, 2012. While plaintiff argues that he could not have moved to amend his complaint until after he received the Notice of Right to Sue, plaintiff clearly could have moved the court for an extension to the amendment of pleadings deadline prior to the March 26, 2012 date. Such a motion would have placed defendant and the court on notice that a motion to amend was forthcoming, and allowed defendant and the court to plan accordingly. Further, plaintiff could have requested a Notice of Right to Sue as early as November 29, 2011, but did not do so until November 2, 2012.

In addition, plaintiff offers no explanation for not seeking to extend the amendment of pleadings deadline, other than the conclusory statements that the August 2012 depositions and September 2012 production of documents brought certain facts to light. However, plaintiff offers no evidence, for example by reference to deposition transcripts or documents, to support his contentions. Indeed, the filing of the June 2, 2011 Charge seems to contradict plaintiff's assertion as timing of the availability of certain facts.

Furthermore, pleading amendment deadlines require that parties conduct discovery efficiently and promptly in order to timely comply. Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. Jun. 8, 2010) (noting that deadlines to amend a party's pleading are set at the beginning of a case to require the parties to prioritize their discovery and attempt to obtain information that may be relevant to possible amendment sooner rather than

5

later). The court is also concerned with the fact that defendant filed a Motion for Summary Judgment (Docket No. 20) prior to the subject motion. More importantly, trial is set to commence in less than three months. Allowing plaintiff to make such substantial amendments to his complaint at this time would likely cause significant delay in this matter. Accordingly, for the above reasons, the court finds that plaintiff has failed to meet his burden to show good cause for the delay.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion for Leave to Amend the Complaint (Docket No. 21) is **DENIED**.

Date: November 29, 2012          s/ Michael J. Watanabe
      Denver, Colorado           Michael J. Watanabe
                                 United States Magistrate Judge