**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02961-REB-MJW

JOHN JONES,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND
THE FINAL PRETRIAL ORDER TO ADD DAMAGES**

**Blackburn, J.**

    The matter before me is plaintiff's **Motion To Amend the Final Pretrial Order To Add Damages** [#73],[1] filed February 13, 2013. Plaintiff seeks to add requests for punitive damages and equitable relief in the form of reinstatement to the issues to be considered at trial in this case. I deny the motion.

    The purpose of the pretrial order is to "insure the economical and efficient trial of every case on its merits without chance or surprise." **Hull v. Chevron U.S.A., Inc.**, 812 F.2d 584, 588 (10th Cir. 1987). Although "total inflexibility is undesirable," **id.**, "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice," **FED. R. CIV. P.** 16(e). As the party seeking amendment, defendant bears the burden to prove that manifest injustice would result were the pretrial order not

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

amended.  ***Davey v. Lockheed Martin Corp.***, 301 F.3d 1204, 1208 (10th Cir. 2002). The decision to allow such an amendment rests within the sound discretion of the trial court.  ***Roberts v. Roadway Express***, 149 F.3d 1098, 1107 (10th Cir. 1998).  That discretion is informed by consideration of the following factors: the prejudice to the non-moving party; the ability of the non-moving party to cure any prejudice; the disruption to the orderly and efficient trial of the case that might be caused by the modification; and the bad faith, if any, of the party seeking to modify the pretrial order.  ***Koch v. Koch Industries, Inc.***, 203 F.3d 1202, 1222 (10th Cir.), ***cert. denied***, 121 S.Ct. 302 (2000).

     I am thoroughly unconvinced by plaintiff's assertion that the disclosures of the Scheduling Order and its initial Rule 26(a)(1) disclosures are sufficient to make up for the absence of any claim for the type of damages sought to be added here in either the Amended Complaint or the Final Pretrial Order.  Parties do not base their discovery and trial planning strategies on such preliminary filings, and I see no reason to upset well-settled expectations that parties may be guided in such matters by the operative complaint in the case, especially when any claims omitted there have not been brought forward by some means to the final pretrial order.  Nor do I believe that a boilerplate request for "such other relief as the Court deems just and proper" is sufficient to allow a plaintiff to request any form of damages he wishes under the circumstances presented here.

     Moreover, and although I perceive no evidence of bad faith on plaintiff's part, the balance of the ***Koch*** factors weigh against a finding of manifest injustice.  Defendant maintains, and I credit its assertion, that it targeted its discovery in this case on the

premise that plaintiff was seeking merely compensatory damages and that it would have pursued a much different and more extensive strategy had it thought that punitive damages and/or reinstatement were at issue. There is no way to cure that prejudice in the week prior to trial.

I therefore find and conclude that defendant has failed to demonstrate that manifest injustice will result if the final pretrial order is not amended to include these damages. Accordingly, its motion will be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion To Amend the Final Pretrial Order To Add Damages** [#73], filed February 13, 2013, is **DENIED**.

Dated February 20, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge