IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-02961-REB-MJW

JOHN JONES,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION
TO AMEND THE FINAL PRETRIAL ORDER**

**Blackburn, J.**

The matter before me is defendant's **Motion To Amend the Final Pretrial Order** [#63],[1] filed February 6, 2013. Defendant seeks to add some 70 pages of documents related to the firearms training and certification of candidates who were offered court security positions in July, 2009. I deny the motion.

The purpose of the pretrial order is to "insure the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). Although "total inflexibility is undesirable," *id.*, "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice," **FED. R. CIV. P.** 16(e). As the party seeking amendment, defendant bears the burden to prove that manifest injustice would result were the pretrial order not

---

[1] "[#63]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

amended. ***Davey v. Lockheed Martin Corp.***, 301 F.3d 1204, 1208 (10th Cir. 2002). The decision to allow such an amendment rests within the sound discretion of the trial court. ***Roberts v. Roadway Express***, 149 F.3d 1098, 1107 (10th Cir. 1998). That discretion is informed by consideration of the following factors: the prejudice to the non-moving party; the ability of the non-moving party to cure any prejudice; the disruption to the orderly and efficient trial of the case that might be caused by the modification; and the bad faith, if any, of the party seeking to modify the pretrial order. ***Koch v. Koch Industries, Inc.***, 203 F.3d 1202, 1222 (10th Cir.), ***cert. denied***, 121 S.Ct. 302 (2000).

      Defendant claims that the documents sought to be included by the proposed amendment were not disclosed earlier because it believed that plaintiff's position was that he was better qualified than the other candidates for the position. It argues that it was not until it received plaintiff's response to the motion for summary judgment that it realized that plaintiff's position was that, like him, the other candidates were not firearms qualified, and thus defendant's proffered legitimate nondiscriminatory reason pretextual. This argument defies credulity. Defendant's motion for summary judgment quite clearly asserted that plaintiff was passed over for the position because he was not firearms qualified.

      Moreover, and although I perceive no evidence of bad faith on defendant's part, the majority of the ***Koch*** factors weigh against modification. Plaintiff has identified several potential problems with the documents, none of which can be adequately addressed adequately on the papers. Not only do these issues suggest prejudice to plaintiff from allowing the documents to come in to evidence and the inability to cure

such prejudice in time to be ready for the trial as currently scheduled, they also indicate that attempting to clarify the issues plaintiff has identified would work a substantial disruption of the trial.  Defendant's reply that it can cure some of this prejudice by producing all the training and certification documents for all the candidates simply further illustrates that the sideshow threatens to overwhelm the circus in this regard.

I therefore find and conclude that defendant has failed to demonstrate that manifest injustice will result if the final pretrial order is not amended to include these documents.  Accordingly, its motion will be denied.

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Amend the Final Pretrial Order** [#63], filed February 6, 2013, is **DENIED**.

Dated February 20, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge