**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02961-REB-MJW

JOHN JONES,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

## ORDER DEFINING SCOPE OF CLAIMS PRESERVED FOR TRIAL

**Blackburn, J.**

    This matter is before me *sua sponte*. During the Trial Preparation Conference on February 8, 2013, I noted that the Final Pretrial Order evidenced a dispute between the parties as to the scope of conduct preserved for trial by the Amended Complaint. (***See* Final Pretrial Order** ¶ 2 at 3 [#50], filed January 28, 2013.) I therefore directed the parties to submit additional briefing as to this discrete issue. Having reviewed and considered plaintiff's brief [#77], defendant's response [#84], and plaintiff's reply [#91], I find and conclude that plaintiff's Title VII and section 1981 claims for disparate treatment are limited to the allegedly discriminatory failures to promote him in June 2009 and February 2010.

    The procedural history of this case is well-known to the parties and need not be repeated at length here. More than seven months after the deadline for amendment of pleadings had passed, plaintiff moved to amend his complaint to add new claims and new factual allegations that had come to light during discovery. (***See* Motion for Leave**

**To Amend Complaint** [#21], filed November 6, 2012.) Magistrate Judge Watanabe denied the motion (*see* **Order on Plaintiff's Motion To Amend the Complaint (Docket No. 21)** [#30], filed November 29, 2012), and plaintiff did not appeal that order. Instead, he filed an entirely new case incorporating these allegations and claims. (*See **Jones v. GEO Group, Inc.***, Civil Case No. 13-cv-00266-RBJ.)[1]

Defendant does not dispute that plaintiff has adequately preserved his claims for disparate treatment in the failure to promote him in June 2009 and February 2010. The particular issue presented here is whether plaintiff's disparate treatment claims also encompass allegations that defendant (1) permitted supervisors to treat minority employees in a hostile and aggressive manner to which non-minority employees were not subject; (2) engaged in disparate discipline of minority employees; and (3) assigned minority employees to more dangerous work than non-minority employees. Plaintiff maintains that his Amended Complaint is broad enough to encompass these factual allegations.

I disagree. Although the Amended Complaint makes passing reference to alleged racist comments and undefined "targeting" of minority employees (*see* **Am. Compl. ¶¶ 6-7 at 2**),[2] it clearly is focused primarily on the alleged failures to promote in June 2009 and February 2010. There is no reference in the Amended Complaint to

---

[1] No contemporaneous notice of the related cases was filed either in this case or the new one. *See* **D.C.COLO.LCivR** 7.5(D). Plaintiff belatedly filed such a notice in this case on February 20, 2013, five days before the commencement of trial. *See* **D.C.COLO.LCivR** 7.5(C)(1). (*See* **Notice of Related Cases** [#93], filed February 20, 2013.) No such notice has been docketed in Case No. 13-cv-00266.

[2] Paragraph 8 of the Amended Complaint avers that African-American employees were terminated or passed over for new positions in disproportionate numbers. Nothing in this allegation suggests that plaintiff himself was a victim of any such disparity, however, nor do the other allegations of the Amended Complaint support such a conclusion.

disparate discipline or disparate work assignments. Additionally, the Charge of Discrimination that plaintiff filed with the EEOC contains no such allegations either. (*See* **Plf. Reply App.**, Exh. 1 [#93], filed February 20, 2013.)

Of course, it cannot be disputed that a plaintiff is not necessarily limited to conduct known at the time of the case was filed. The entire purpose of discovery is to permit further development of the facts and flesh out the issues for trial. Nevertheless, such arguments are appropriately presented in the context of a timely motion to amend the complaint. Having failed to convince the magistrate judge that amendment was warranted in this instance, and further having failed to appeal the magistrate judge's determination in that regard, plaintiff cannot be permitted to now expand the scope of this case by attempting to have the Final Pretrial Order reflect allegations that have not been properly pleaded and preserved in prior operative pleadings.[3] Indeed, plaintiff himself cannot credibly contend that he believes these allegations to have been properly preserved for trial in this case when he has filed an entirely new action incorporating them.

To the extent any racial slurs or racially tinged comments may relate to plaintiff's applications for promotions, those matters may bear on the issue of pretext and thus may be admissible.[4] However, allegations of disparate discipline and disparate assignment of work are clearly beyond the scope of the claims properly preserved in

---

[3] Similarly, plaintiff's answers to interrogatories are insufficient to support an expansion of the scope of his claims absent presentation in a formal pleading and the express imprimatur of the court.

[4] Plaintiff should not treat this recognition as *carte blanche* to attempt to present every racial slur or joke, or instance of allegedly hostile behavior, he identified in his answers to interrogatories, many of which do not implicate plaintiff at all. Any such instances must have specific relevance and relation to plaintiff's failure to promote claims.

this case.

**THEREFORE, IT IS ORDERED** that the claims of the plaintiff under Title VII and section 1981 for disparate treatment **SHALL BE LIMITED** to his allegations of discrimination in the failure to promote him in June 2009 and February 2010 and any allegedly racist comments, slurs, jokes, or other actions that are relevant to those allegations.

Dated February 21, 2013, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge